UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERTA JANE BALL,

                       Plaintiff,

        v.

NANCY A. BERRYHILL,[1]

                  Defendant.

CASE NO. C16-1264JLR

ORDER REVERSING AND
REMANDING FOR FURTHER
ADMINISTRATIVE
PROCEEDINGS

## I.  INTRODUCTION

Plaintiff Roberta Jane Ball seeks review of the denial of her application for disability insurance benefits.  Ms. Ball contends that the Administrative Law Judge ("ALJ") erred in evaluating Ms. Ball's testimony, assessing her residual functional capacity ("RFC"), and finding her capable of performing work available in the national economy.  (Op. Br. (Dkt. # 7) at 1.)  Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the court REVERSES Defendant Commissioner Nancy A. Berryhill's  ("the Commissioner") final decision and

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration.  Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant in this suit.  The court DIRECTS the Clerk to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

On August 15, 2013, Ms. Ball protectively filed an application for disability insurance benefits. (Administrative Record ("AR") (Dkt. # 5) at 11.) Ms. Ball's application was denied initially and on reconsideration. (*Id.*) After the ALJ conducted a hearing on January 8, 2015, the ALJ issued a decision finding Ms. Ball not disabled. (AR at 11-23.)

The ALJ utilized the five-step disability evaluation process in his decision,[2] and the court summarizes the ALJ's findings as follows:

**Step one**: Ms. Ball has not engaged in substantial gainful activity since December 26, 2011, the alleged onset date.

**Step two**: Ms. Ball has the severe impairments of bipolar disorder and anxiety disorder.

**Step three**: Ms. Ball does not have an impairment or combination of impairments that meets or equals the requirements of a listed impairment.[3]

**RFC**: Ms. Ball has the residual functional capacity to perform a full range of work at all exertional levels but subject to following nonexertional limitations. Ms. Ball is able to perform work that is limited to unskilled, repetitive, and routine work. She is able to perform work with no public contact and only occasional contact with supervisors and coworkers. She is able to perform work that allows her to work at her own pace while still meeting minimum production requirements of the job. She is able to perform work that allows her to be off task up to 10 percent of the time while still meeting minimum production requirements of the job.

---

[2] 20 C.F.R. § 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

1    **Step four**:  Ms. Ball is unable to perform any past relevant work.

2    **Step five**:  Because jobs exist in significant numbers in the national economy that
     Ms. Ball can perform, she is not disabled.

3

4    (*See* AR at 13-23.)  The Appeals Council denied Ms. Ball's request for review, making

5    the ALJ's decision the Commissioner's final decision. [4]  (*See* AR at 1-6.)

6                               **III.    ANALYSIS**

7        Pursuant to 42 U.S.C. § 405(g), the court must set aside the Commissioner's

8    denial of social security benefits if the ALJ's findings are based on legal error or not

9    supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d

10   1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

11   1999)).

12   **A.    Evaluation of Ms. Ball's Testimony**

13       Ms. Ball argues that the ALJ erred in evaluating her subjective complaints.  (*See*

14   Op. Br. at 2-7.)  The court disagrees.

15       Questions of credibility are solely the responsibility of the ALJ.  *See Sample v.*

16   *Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  The court may not second-guess these

17   credibility determinations.  *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984).  To reject

18   a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for

19   the disbelief."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (internal citation

20   omitted).  The ALJ "must identify what testimony is not credible and what evidence

21

22   ───────────────────────

23   [4] The court omits the rest of the procedural history in this matter because it is not relevant
     to the outcome of the case.

1  undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918

2  (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the

3  ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."

4  *Lester*, 81 F.2d at 834.

5       Here, the ALJ discounted Ms. Ball's testimony for several reasons, including that

6  "treatment [had] been generally successful" in controlling any alleged symptoms that

7  resulted in limitations above those described in the RFC.  (*See* AR at 20.)  An ALJ may

8  discount a claimant's credibility on the basis of medical improvement.  *See Morgan v.*

9  *Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tidwell*, 161 F.3d at 601.

10  At the hearing, Ms. Ball testified that she had high anxiety such that she had difficulty

11  leaving the house.  (*See* AR at 35.)  She asserted that she could not focus on tasks and

12  had memory problems.  (*See id.*)  She also testified that she struggled to be around other

13  people and was frequently teary.  (*See* AR at 37, 58-59.)  However, as noted by the ALJ,

14  Ms. Ball began to experience improvement with treatment in 2012.  (*See* AR at 18, 256.)

15  In 2013, Ms. Ball reported an improved mood and stated that she had been "very active"

16  when visiting Florida for 10 days.  (*See* AR at 268.)  In 2014, Ms. Ball reported improved

17  mood, increased motivation, active exercising, and enjoying activities with no suicidal

18  ideation.  (*See* AR at 288.)  Therefore, the ALJ provided a clear and convincing reason

19  supported by substantial evidence to discount Ms. Ball's testimony regarding the

20  intensity and limiting effects of her symptoms.

21  //

ORDER - 4

**B.     The RFC Assessment and Step-Five Finding**

Ms. Ball next argues that the RFC and step-five finding are not supported by

substantial evidence because the ALJ failed to fully incorporate all of the limitations in

the medical opinion evidence. (*See* Op. Br. at 7-8.)  The court agrees.

If a disability determination "cannot be made on the basis of medical factors alone

at step three of the evaluation process," the ALJ must identify the claimant's "functional

limitations and restrictions" and assess her "remaining capacities for work-related

activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2.  A claimant's

RFC is used at step five to determine whether she can do work available in the national

economy. *See id*.  A claimant's RFC is the maximum amount of work she can perform

based on all of the relevant evidence in the record. *See id*.

First, Ms. Ball argues that the ALJ did not fully incorporate the opinion of David

M. Dixon, Ph.D., into the RFC. (*See* Op. Br. at 7-8.)  Dr. Dixon opined that Ms. Ball's

sustained concentration was poor and that her persistence was fair. (*See* AR at 282.)  The

ALJ gave Dr. Dixon's opinion great weight and assessed Ms. Ball with an RFC limiting

her to unskilled, repetitive, routine work that allows her to work at her own pace and be

off task for 10 percent of the workday. (*See* AR at 16, 21.)  The broad categories of

concentration, persistence, and pace do not necessarily directly correlate to the function-

by-function analysis of an RFC. *See* SSR 96-8p, 1996 WL 374184, at *4.  Accordingly,

an ALJ's RFC assessment "adequately captures restrictions related to concentration,

persistence, or pace" where the assessment is consistent with specific restrictions

1   identified in the medical testimony. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169,

2   1174 (9th Cir. 2008). Here, in the absence of specific functional restrictions in Dr.

3   Dixon's opinion addressing concentration and persistence, the ALJ inferred that the RFC

4   reasonably accounted for the medical testimony. (*See* AR at 16, 21, 282.) The ALJ's

5   inference was reasonable and is not in error. *See Batson v. Comm'r, Soc. Sec. Admin.*,

6   359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if

7   supported by inferences reasonably drawn from the record.").

8

9        Next, Ms. Ball argues that the ALJ did not fully incorporate the opinion of John

10  Wolfe, Ph.D., into the RFC. (*See* Op. Br. at 8.) Dr. Wolfe opined that Ms. Ball's ability

11  to perform tasks would be occasionally interrupted by psychological symptoms. (*See* AR

12  at 87.) The ALJ gave Dr. Wolfe's opinion great weight, assessing Ms. Ball with an RFC

13  allowing her to be off task for 10 percent of the workday. (*See* AR at 16, 21.) However,

14  the Commissioner has defined "occasional" in the context of disability adjudication to

15  mean occurring "up to one third of the time."[5] *See* SSR 96-9p, 1996 WL 374185, at *3.

16  The ALJ provides no reason, and the court cannot reasonably infer, why the ALJ

17  accepted Dr. Wolfe's opinion but imposed less strict limitations on Ms. Ball. (*See* AR at

18  21.) The vocational expert testified at the hearing that an employee whose symptoms

19  interrupted her ability to work for one third of the day would be unlikely to maintain

20  employment. (*See* AR at 63-64.) Therefore, the ALJ erred by tacitly rejecting part of Dr.

21

22  _____

23       [5] The ALJ acknowledged that Dr. Wolfe is an expert in the field of psychological
    disability adjudication. (*See* AR at 21.) Therefore, the court infers that the ALJ expected Dr.
    Wolfe's terminology to match the Commissioner's definitions.

Wolfe's opinion. *See Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1988).

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). "[I]n each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id*. Therefore, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id*. (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). Here, because the ALJ found Ms. Ball capable of performing work based on an RFC that did not fully incorporate Dr. Wolfe's opinion, the error affected the ultimate disability determination and is not harmless.

### C.      Remand for Further Proceedings

Generally, when the court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Here, Ms. Ball requests that the court remand the matter to the Commissioner. (*See* Op. Br. at 1.) Accordingly, the court remands the case for further administrative proceedings.

### IV.      CONCLUSION

For the foregoing reasons, the court REVERSES the Commissioner's final

//

//

//

ORDER - 7

1   decision and REMANDS this case for further administrative proceedings under sentence

2   four of 42 U.S.C. § 405(g).

3       DATED this 21ˢᵗ day of February, 2017.

4

5

6   JAMES L. ROBART
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 8